IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | No. |
|---|---|---|
| Plaintiff, | ) | |
| | ) | COUNT ONE: |
| | ) | **Distribution of Child** |
| v. | ) | **Pornography Over the Internet** |
| | ) | 18 U.S.C. § 2252(a)(2) |
| RICHARD ALAN SIGSBURY, | ) | NLT: 5 Years Imprisonment |
| [DOB: 11/24/1962], | ) | NMT: 20 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| Defendant. | ) | Supervised Release: 5 Years to Life |
| | ) | Class C Felony |
| | ) | |
| | ) | COUNT TWO: |
| | ) | **Distribution of Child** |
| | ) | **Pornography Over the Internet** |
| | ) | 18 U.S.C. § 2252(a)(2) |
| | ) | NLT: 5 Years Imprisonment |
| | ) | NMT: 20 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: 5 Years to Life |
| | ) | Class C Felony |
| | ) | |
| | ) | COUNT THREE: |
| | ) | **Distribution of Child** |
| | ) | **Pornography Over the Internet** |
| | ) | 18 U.S.C. § 2252(a)(2) |
| | ) | NLT: 5 Years Imprisonment |
| | ) | NMT: 20 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: 5 Years to Life |
| | ) | Class C Felony |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

|   |   |
|---|---|
| ) | COUNT FOUR: |
| ) | **Advertising of Child Pornography** |
| ) | **Over the Internet** |
| ) | 18 U.S.C. § 2251(d) |
| ) | NLT: 15 Years Imprisonment |
| ) | NMT: 30 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years up to Life |
| ) | Class B Felony |
| ) |   |
| ) | COUNT FIVE: |
| ) | **Advertising of Child Pornography** |
| ) | **Over the Internet** |
| ) | 18 U.S.C. § 2251(d) |
| ) | NLT: 15 Years Imprisonment |
| ) | NMT: 30 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years up to Life |
| ) | Class B Felony |
| ) |   |
| ) | COUNT SIX: |
| ) | **Advertising of Child Pornography** |
| ) | **Over the Internet** |
| ) | 18 U.S.C. § 2251(d) |
| ) | NLT: 15 Years Imprisonment |
| ) | NMT: 30 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years up to Life |
| ) | Class B Felony |
| ) |   |
| ) | COUNT SEVEN: |
| ) | **Advertising of Child Pornography** |
| ) | **Over the Internet** |
| ) | 18 U.S.C. § 2251(d) |
| ) | NLT: 15 Years Imprisonment |
| ) | NMT: 30 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years up to Life |
| ) | Class B Felony |
| ) |   |
| ) |   |
| ) |   |
| ) |   |

|   |   |
|---|---|
| ) | COUNT EIGHT: |
| ) | **Distribution of Child** |
| ) | **Pornography Over the Internet** |
| ) | 18 U.S.C. § 2252(a)(2) |
| ) | NLT: 5 Years Imprisonment |
| ) | NMT: 20 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years to Life |
| ) | Class C Felony |
| ) | |
| ) | COUNT NINE: |
| ) | **Possession of Child Pornography** |
| ) | 18 U.S.C. § 2252(a)(4) |
| ) | NMT: 10 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years to Life |
| ) | Class C Felony |
| ) | |
| ) | COUNT TEN: |
| ) | **Possession of Child Obscenity** |
| ) | 18 U.S.C. § 1466A(b) |
| ) | NMT: 10 Years Imprisonment |
| ) | NMT: $250,000 Fine |
| ) | Supervised Release: 5 Years to Life |
| ) | Class C Felony |
| ) | |
| ) | **Forfeiture Allegation** |
| ) | 18 U.S.C. §§ 2253 and 1467 |
| ) | |
| ) | $100 Mandatory Special Assessment |
| ) | Each Count |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE

On or about October 16, 2010, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, using any means or facility of interstate or foreign commerce, knowingly distributed a visual depiction that had been

shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and which contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT TWO

On or about May 4, 2011, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, using any means or facility of interstate or foreign commerce, knowingly distributed a visual depiction that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and which contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT THREE

On or about May 14, 2010, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, using any means or facility of interstate or foreign commerce, knowingly distributed a visual depiction that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and which contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual

4

depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT FOUR

Between on or about May 20, 2011 and May 23, 2011, the dates being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, knowingly published and caused to be made, printed, and published a notice and advertisement seeking and offering to receive, exchange, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and at the time the defendant published and caused the notice and advertisement to be published he knew or had reason to know that such notice and advertisement would be transported using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce by any means including by computer; and such notice and advertisement was transported using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2251(d).

## COUNT FIVE

On or about June 2, 2011, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, knowingly published and caused to be made, printed, and published a notice and advertisement seeking and offering to receive, exchange, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and at the time the defendant published and caused the notice and advertisement to be

published he knew or had reason to know that such notice and advertisement would be transported using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce by any means including by computer; and such notice and advertisement was transported using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2251(d).

## COUNT SIX

On or about June 21, 2011, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, knowingly published and caused to be made, printed, and published a notice and advertisement seeking and offering to receive, exchange, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and at the time the defendant published and caused the notice and advertisement to be published he knew or had reason to know that such notice and advertisement would be transported using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce by any means including by computer; and such notice and advertisement was transported using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2251(d).

## COUNT SEVEN

On or about December 8, 2011, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, knowingly published

and caused to be made, printed, and published a notice and advertisement seeking and offering to receive, exchange, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and at the time the defendant published and caused the notice and advertisement to be published he knew or had reason to know that such notice and advertisement would be transported using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce by any means including by computer; and such notice and advertisement was transported using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2251(d).

## COUNT EIGHT

On or about December 13, 2011, the date being approximate, in the Western District of Missouri and elsewhere, RICHARD ALAN SIGSBURY, defendant herein, using any means or facility of interstate or foreign commerce, knowingly distributed a visual depiction that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and which contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT NINE

On or about April 23, 2012, in the Western District of Missouri, RICHARD ALAN SIGSBURY, defendant herein, knowingly possessed one (1) or more films, videotapes, and other

7

matter, which contained visual depictions, other than and in addition to the visual depictions supporting Counts One through Eight of this indictment, that had been shipped and transported using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce by any means including by computer; and the visual depictions were produced using materials which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, and were visual depictions of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4).

## COUNT TEN

On or about April 23, 2012, in the Western District of Missouri, RICHARD ALAN SIGSBURY, defendant herein, knowingly possessed a visual depiction other than and in addition to the visual depictions supporting Counts One through Nine of this indictment, which depicted a minor engaging in sexually explicit conduct and which is obscene; and the visual depiction had been transported in interstate or foreign commerce by any means, including by computer and was produced using materials that had been transported in interstate or foreign commerce by any means, including by computer, and a means and instrumentality of interstate or foreign commerce was used in committing the offense, in violation of Title 18, United States Code, Section 1466A(b) and (d).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through and including Ten are realleged and incorporated by reference herein for the purpose of alleging forfeiture of: any visual depiction described in Title 18, United States Code, Sections 2251, 2252, 1466A, or any film, videotape, or

8

other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these sections; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses; including, but not limited to the following:

1. A SATA HDD, Toshiba MK5056GSY, s/n 60L1FJ2PS;

2. A Seagate external Hard Drive, s/n NA02SCD3;

3. A Kingston USB DT101;

4. A Kingston Memory Stick – DT101 G2; and

5. A Memorex DVD.

All in violation of Title 18, United States Code, Sections 2253 and 1467.

A TRUE BILL.

/s/ Timothy L. Pierce
FOREPERSON OF THE GRAND JURY


/s/ Katharine Fincham
Katharine Fincham #32570
Assistant United States Attorney

Date: 10/15/13
Kansas City, Missouri