UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA,       )
                                    )
                Plaintiff,    )
                                    )
       vs.                 )  Case No.
                                    )  13-00357-01-CR-W-GAF
RICHARD A. SIGSBURY,        )
                                    )
                Defendant.    )

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE GARY A. FENNER
UNITED STATES DISTRICT JUDGE
OCTOBER 30, 2014
KANSAS CITY, MISSOURI

FOR THE PLAINTIFF:
    MS. KATHARINE FINCHAM
    Assistant United States Attorney
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Floor 5
    Kansas City, Missouri 64106

FOR THE DEFENDANT:
    MR. ROBERT G. KUCHAR
    Assistant Federal Public Defender
    818 Grand Avenue, Suite 300
    Kansas City, Missouri 64106

    Proceedings recorded by mechanical stenography, transcript produced by computer

KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER
CHARLES EVANS WHITTAKER COURTHOUSE
400 EAST NINTH STREET
KANSAS CITY, MISSOURI 64106

1

2          THE COURT:  Ready, Mr. Kuchar?

3          MR. KUCHAR:  Yes, sir.

4          THE COURT:  And, Mr. Kuchar, there's no plea

5   agreement in this case; is that correct?

6          MR. KUCHAR:  That's correct.

7          THE COURT:  Is this a plea to all charges?

8          MR. KUCHAR:  Yes, sir.

9          THE COURT:  Thank you.

10          Mr. Sigsbury, would you please stand, raise your

11   right hand, and receive an oath from my clerk.

12   RICHARD ALAN SIGSBURY, being duly sworn by the courtroom

13   deputy, testified:

14          THE COURT:  Thank you.  You can be seated and

15   everyone can stay seated as we go through this.

16          Mr. Kuchar, would you position that microphone so

17   that Mr. Sigsbury can speak into it?

18   EXAMINATION BY THE COURT:

19   Q     First of all, Mr. Sigsbury, do you understand that

20   you're now under oath, and as a result, if you were to answer

21   any of my questions falsely, those answers could later be used

22   against you in yet another prosecution for perjury or making a

23   false statement?

24   A     Yes.

25   Q     Would you state your full name for me, please.

```
1   A       Richard Alan Sigsbury.

2   Q       And how old are you, sir?

3   A       Fifty-one.

4   Q       Mr. Sigsbury, how far have you gone in school?

5   A       Eleventh grade.

6   Q       Are you currently under the influence of any drug or

7   medication or alcoholic beverage of any kind?

8   A       No.

9   Q       Have you been treated recently for any mental illness

10  or addiction to narcotic drugs of any kind?

11  A       No.

12  Q       Have you received a copy of the indictment which

13  contains the charges pending against you in this case?

14  A       Yes.

15  Q       Have you had an opportunity to review the charges

16  against you as well as review and discuss your case in general

17  fully with Mr. Kuchar as your attorney?

18  A       Yes, I did.

19  Q       Has Mr. Kuchar done everything that you've asked him to

20  do as your attorney in this case?

21  A       Yes, he has.

22  Q       Do you have any question, concern, or complaint

23  regarding the legal advice or legal representation provided for

24  you by Mr. Kuchar?

25  A       No.
```

```
 1    Q       Are you totally and fully satisfied with the legal

 2    advice and legal representation provided by Mr. Kuchar?

 3    A       Yes, I am.

 4    Q       Has anyone made any promise or assurance to you of any

 5    kind in an effort to cause you to enter pleas in this case?

 6    A       No.

 7    Q       Do you feel that anyone has attempted in any way to

 8    force you to plead guilty?

 9    A       No.

10    Q       Is it your desire to plead guilty to the charges

11    against you of your own free will because you are, in fact,

12    guilty of those charges?

13    A       Yes.

14    Q       And do you understand that these are felony offenses?

15    A       Yes.

16    Q       Do you understand that if your pleas are accepted, you

17    will be adjudged guilty and that you may thereby be deprived of

18    valuable civil rights, such as your right to vote, your right

19    to hold public office, your right to serve on a jury, and your

20    right to possess any kind of a firearm?

21    A       Yes.

22    Q       Do you understand that the range of punishment under

23    Count 1 of the indictment includes a term of imprisonment of

24    not less than five years and up to 20 years and a fine of up to

25    $250,000?
```

```
 1   A      Yes.

 2   Q      Do you understand that the range of punishment under

 3   Count 2 of the indictment provides for the same range of

 4   imprisonment and the same limit of up to $250,000 by way of a

 5   fine?

 6   A      Yes.

 7   Q      And do you understand that the punishment under Count 3

 8   provides for the same range of imprisonment and same potential

 9   fine as under Counts 1 and 2?

10   A      Yes.

11   Q      And do you understand that under Count 4 of the

12   indictment the range of punishment includes a term of

13   imprisonment of not less than 15 years and up to 30 years and a

14   fine of up to $250,000?

15   A      Yes.

16   Q      Do you understand that the range of punishment under

17   Count 5 and the amount of fine is the same as under Count 4?

18   A      Yes.

19   Q      Do you understand that the range of punishment and the

20   fine under Count 6 is the same as under Counts 4 and 5?

21   A      Yes.

22   Q      Do you understand that the range of punishment and the

23   fine under Count 7 is the same as under Counts 4, 5, and 6?

24   A      Yes.

25   Q      And do you understand that the range of punishment
```

1   under Count 8 includes a term of imprisonment of not less than

2   five years and up to 20 years and a fine of up to $250,000?

3   A    Yes.

4   Q    And do you understand that the range of punishment

5   under Count 9 includes a term of imprisonment of up to ten

6   years and a fine of up to $250,000?

7   A    Yes.

8   Q    And do you understand that the range of punishment

9   under Count 10 is the same as under Count 9?

10  A    Yes.

11  Q    And do you understand that there is also a forfeiture

12  allegation brought against you under this indictment?

13  A    Yes.

14  Q    And do you understand that the terms of imprisonment

15  under each of the ten counts could be ordered to be served at

16  the same time or one after the other?

17  A    Yes.

18  Q    And do you understand that the fine could be assessed

19  separately up to the total amount on each count?

20  A    Yes.

21  Q    And do you understand that under each count, upon your

22  release from any period of imprisonment, you could be required

23  to serve a term of not less than five years and up to life of

24  supervised release?

25  A    Yes.

```
1    Q      And do you understand that if while you were serving
2  any term of supervised release, your supervised release was to
3  be revoked, that you could be returned to prison for up to the
4  full term of your supervised release without being given any
5  credit for the time that you had already served while you were
6  under supervision?
7    A      Yes.
8    Q      And in addition to those matters, do you understand
9  that if your pleas are accepted, you will be required to pay
10 the government a special assessment in the amount of $100 on
11 each count for a total of $1,000?
12   A      Yes.
13   Q      And you understand that pursuant to the forfeiture
14 allegation, you are agreeing to forfeit all of the property and
15 items listed and delineated therein?
16   A      Yes, I do.
17   Q      Mr. Sigsbury, do you understand that if your plea is
18 accepted, it will be up to the Court to determine a reasonable
19 and appropriate sentence in your case?
20   A      Yes, I do.
21   Q      And do you understand that in order to determine an
22 appropriate sentence, the probation office will prepare a
23 presentence report; and when that report is concluded, a
24 sentencing hearing will be scheduled for the Court to determine
25 an appropriate sentence?
```

```
1    A       Yes, I do.

2    Q       And do you understand, sir, that there are a number of

3    statutory factors that the Court is required to consider in

4    determining an appropriate sentence, and that one of those

5    factors will be the recommended range of punishment under the

6    United States Sentencing Guidelines?

7    A       Yes.

8    Q       And do you understand that the sentencing guidelines

9    are not mandatory; therefore, while you might be sentenced to

10   terms as recommended by the guidelines, you could be sentenced

11   to lesser terms or even greater terms than otherwise

12   recommended by the sentencing guidelines?

13   A       Yes, I do.

14   Q       And do you understand, sir, that if there are issues of

15   fact that are in dispute between you and the government which

16   factual disputes must be decided to determine how the

17   sentencing guidelines are to be applied, those factual disputes

18   will be decided by the Court at the time of your sentencing

19   hearing based upon the preponderance or greater weight of the

20   evidence presented?

21   A       Yes.

22   Q       And do you understand that in deciding any disputed

23   factual issues, the Court will consider all information deemed

24   reliable, which could include hearsay?

25   A       Yes.
```

1    Q      And do you understand that if the Court determines that

2    the sentencing guidelines are to be applied in a manner

3    different than what you or your attorney anticipated might be

4    the case, that would not provide you with a basis to withdraw a

5    plea of guilty?

6    A      Yes.

7    Q      You also understand, Mr. Sigsbury, that in the federal

8    system there's no parole; therefore, if you're sentenced to

9    terms of imprisonment, you will not be eligible to be released

10   from prison prior to the expiration of any term of imprisonment

11   on parole?

12   A      Yes.

13   Q      And do you understand that you do have a right to

14   maintain pleas of not guilty and to have a trial which could be

15   by a jury if it was your choice to do so?

16   A      Yes, I do.

17   Q      Do you understand that if there was a trial, that you

18   would be presumed to be innocent and the government would be

19   required to prove your guilt beyond a reasonable doubt?

20   A      Yes.

21   Q      Do you understand that if there was a trial, you would

22   have the following rights at trial:  The right to the

23   assistance of counsel for your defense, the right to see and

24   hear all witnesses and have them cross-examined in your

25   defense, the right on your own part to decline to testify or

1   present any evidence unless you voluntarily chose to do so, and

2   the right to have subpoenas issued to compel the attendance of

3   witnesses to testify at your trial?

4   A    Yes, I do.

5   Q    Do you understand that if you were to decide at a trial

6   not to testify or present any evidence, the government would

7   not be allowed to argue or use those facts or circumstances

8   against you?

9   A    Yes, I do.

10  Q    And do you understand that entering a plea of guilty

11  that if your plea is accepted, there will not be a trial and

12  you will have waived or given up your right to trial as well as

13  all of the other rights associated with a trial that we have

14  just discussed?

15  A    Yes.

16  Q    Do you understand that under Count 1 if there was a

17  trial, the government would be required to prove that you,

18  using any means or facility of interstate or foreign commerce,

19  knowingly distributed a visual depiction that had been shipped

20  and transported in or affecting interstate and foreign commerce

21  by any means including by computer, which contained material

22  which had been shipped and transferred in interstate and

23  foreign commerce by any means including by computer, and that

24  the production of the visual depiction involved the use of a

25  minor engaging in sexually explicit conduct, and such visual

1  depiction was of such conduct?

2  A      Yes.

3  Q      Do you understand the government would have to prove

4  that you did this on or about October 16th of 2010 within the

5  jurisdiction of this court, the Western District of Missouri?

6  A      Yes.

7  Q      And, Mr. Sigsbury, did you, in fact, ship and transport

8  in interstate commerce by means of computer a visual depiction

9  and the production of the visual depiction involved the use of

10 a minor engaging in sexually explicit conduct with a depiction

11 of such conduct?

12 A      Yes, I did.

13 Q      And did you do that on or about October the 16th of

14 2010?

15 A      Yes, I did.

16 Q      And did you do that in Jackson County, Missouri?

17 A      Yes.

18 Q      And were those images transmitted across state lines?

19 A      Yes, they were.

20         THE COURT:  Do you have any other record you'd like

21 to make regarding Count 1, Ms. Fincham?

22         MS. FINCHAM:  No, Your Honor.

23         THE COURT:  Do you, Mr. Kuchar?

24         MR. KUCHAR:  No, Your Honor.

25         THE COURT:  Thank you.

1   Q      (By the Court)  And, Mr. Sigsbury, do you understand

2   that if there was a trial under Count 2, the government would

3   be required to prove that you, using any means or facility of

4   interstate or foreign commerce, knowingly distributed a visual

5   depiction that had been shipped and transported in or affecting

6   interstate commerce and foreign commerce by any means including

7   by computer, and which contained material which had been

8   shipped and transported in interstate and foreign commerce by

9   any means including by computer, and the production of the

10  visual depiction involved the use of a minor engaging in

11  sexually explicit conduct?

12  A      Yes.

13  Q      Do you understand the government is required to prove

14  you did this on May 4th, 2011, within the jurisdiction of this

15  court, the Western District of Missouri?

16  A      Yes.

17  Q      And, Mr. Sigsbury, did you, in fact, knowingly

18  distribute by way of computer a visual depiction in interstate

19  commerce, that is, across state lines, which contained a visual

20  depiction involving the use of a minor engaging in sexually

21  explicit conduct with a depiction of such conduct?

22  A      Yes, I did.

23  Q      Did you do that on or about May 4th, 2011, in Jackson

24  County?

25  A      Yes.

1    THE COURT:  Do you have any further record on

2  Count 2, Ms. Fincham?

3        MS. FINCHAM:  No.

4        THE COURT:  Do you, Mr. Kuchar?

5        MR. KUCHAR:  No, sir.

6  Q      (By the Court)  And, Mr. Sigsbury, do you understand

7  under Count 3, if there was a trial, the government would be

8  required to prove that you, using any means or facility of

9  interstate or foreign commerce, knowingly distributed a visual

10 depiction that had been shipped and transported in or affecting

11 interstate and foreign commerce by any means including by

12 computer, and which contained material which had been shipped

13 and transported in interstate and foreign customers by any

14 means including by computer, and the production of the visual

15 depiction involved the use of a minor engaging in sexually

16 explicit conduct, and such depiction was of such conduct?  Do

17 you understand the government would have to prove all that?

18 A      Yes.

19 Q      Do you understand the government would have to prove

20 that under Count 3 you did this on or about May the 14th of

21 2010 within the jurisdiction of this court, the Western

22 District of Missouri?

23 A      Yes.

24 Q      And did you, in fact, ship in interstate commerce, that

25 is, across state lines, by means of computer a visual depiction

```
 1   involving the use of a minor engaging in sexually explicit
 2   conduct with the visual depiction of such conduct?
 3   A      Yes.
 4   Q      Did you do that on or about May the 14th of 2010,
 5   again, in Jackson County, Missouri?
 6   A      Yes.
 7              THE COURT:  Any further record on Count 3, Ms.
 8   Fincham?
 9              MS. FINCHAM:  I'm not sure the defendant said he
10   knowingly did it.
11              THE COURT:  You may be right.
12   Q      (By the Court)  Did you knowingly distribute these
13   images as set forth under all of Counts 1, 2, and 3?
14   A      Yes, I did.
15              THE COURT:  Mr. Kuchar, any further record from you
16   on Count 3?
17              MR. KUCHAR:  No, Your Honor.
18   Q      (By the Court)  And, Mr. Sigsbury, under Count 4 you
19   understand that if there was a trial, the government would be
20   required to prove that you knowingly published and caused to be
21   made, printed, and published a notice and advertisement seeking
22   and offering to receive, exchange, display, and distribute a
23   visual depiction, the production of which involved the use of a
24   minor engaging in sexually explicit conduct and such visual
25   depiction was of such conduct, and at the time you published
```

1   and caused the notice and advertisement to be published you

2   knew or had reason to know that such notice and advertisement

3   would be transported using any means or facility of interstate

4   or foreign commerce and in or affecting interstate or foreign

5   commerce by any means including by computer, and such notice

6   and advertisement was transported using any means or facility

7   of interstate or foreign commerce and in or affecting

8   interstate or foreign commerce by any means including a

9   computer?

10  A      Yes, sir, I did.

11  Q      And do you understand the government would have to

12  prove that you did these things between on or about May 20th of

13  2011 and May 23rd of 2011?

14  A      Yes.

15  Q      And do you understand that the government would have to

16  prove that you did this -- that actions in furtherance of this

17  activity occurred within the jurisdiction of this court, the

18  Western District of Missouri?

19  A      Yes.

20  Q      And, Mr. Sigsbury, did you, in fact, knowingly publish

21  and cause to be made, printed, or published a notice and

22  advertisement seeking and offering to receive, exchange,

23  display, and distribute a visual depiction, the production of

24  which involved the use of a minor engaging in sexually explicit

25  conduct with the visual depiction of such conduct?

1    A       Yes, I did.

2    Q       And did you publish and cause the notice and

3    advertisement to be published knowing or having reason to know

4    that such notice and advertisement would be transported by any

5    means or facility of interstate or foreign commerce including

6    by computer?  Did you knowingly do that?

7    A       Yes, I did.

8    Q       And was this notice or advertisement transported by any

9    means or facility of interstate and foreign commerce and in and

10   affecting interstate and foreign commerce by any means

11   including by computer?

12   A       Yes, I did.

13   Q       Did these actions occur between on or about May 20th,

14   2011 and May 23rd of 2011 in Jackson County, Missouri?

15   A       Yes.

16           THE COURT:  Any further record on Count 4, Ms.

17   Fincham?

18           MS. FINCHAM:  No, Your Honor.

19           THE COURT:  Mr. Kuchar?

20           MR. KUCHAR:  No.

21   Q       (By the Court)  And do you understand, Mr. Sigsbury,

22   that if there was a trial under Count 5, the government would

23   be required to prove that you knowingly published and caused to

24   be made, printed, and published a notice and advertisement

25   seeking and offering to receive, exchange, display, and

1   distribute a visual depiction, the production of which involved
2   the use of a minor engaging in sexually explicit conduct and
3   such visual depiction was of such conduct, and that at the time
4   you published and caused the notice and advertisement to be
5   published you knew or had reason to know that such notice and
6   advertisement would be transported using any means or facility
7   of interstate or foreign commerce and in or affecting
8   interstate or foreign commerce by any means including by
9   computer, and such notice and advertisement was transported
10  using any means or facility of interstate or foreign commerce
11  and in or affecting interstate or foreign commerce by any means
12  including by computer?
13  A       Yes, I did.
14  Q       Do you understand the government would have to prove
15  that this occurred on or about June 2nd, 2011, again, within
16  the jurisdiction of this court, the Western District of
17  Missouri?
18  A       Yes.
19  Q       Mr. Sigsbury, did you, in fact, knowingly publish and
20  cause to be made, printed, and published a notice and
21  advertisement seeking to offer, receive, exchange, display, and
22  distribute a visual depiction, the production of which involved
23  the use of a minor engaging in sexually explicit conduct and
24  such visual depiction was of such conduct?
25  A       Yes, I did.

1    Q      And at the time you published and caused the notice and

2    advertisement to be published, did you know or have reason to

3    know that such notices and advertisements would be transported

4    using any means or facility of interstate commerce in and

5    affecting interstate or foreign commerce by any means including

6    by computer?

7    A      Yes, I did.

8    Q      And was the notice and advertisement transported in

9    interstate commerce, that is, across state lines by means of a

10   computer?

11   A      Yes.

12   Q      Did that occur on or about June 2nd, 2011, in Jackson

13   County?

14   A      Yes.

15          THE COURT:  Any further record on Count 5, Ms.

16   Fincham?

17          MS. FINCHAM:  No, Your Honor.

18          THE COURT:  Mr. Kuchar?

19          MR. KUCHAR:  No, Your Honor.

20   Q      (By the Court)  And, Mr. Sigsbury, do you understand

21   that if there was a trial under Count 6, the government would

22   be required to prove that you knowingly published and caused to

23   be made, printed, and published a notice and advertisement

24   seeking and offering to receive, exchange, display, and

25   distribute a visual depiction, the production of which involved

1    the use of a minor engaging in sexually explicit conduct and

2    such visual depiction was of such conduct?  Do you understand

3    the government would have to prove all of that?

4    A    Yes.

5    Q    Do you understand at the time you published and caused

6    notice and advertisement to be published you knew or had reason

7    to know that such notice and advertisement would be transported

8    using any means or facility of interstate or foreign commerce

9    and in or affecting interstate or foreign commerce by any means

10   including by computer, and such notice and advertisement was

11   transported using any means or facility of interstate and

12   foreign commerce and in or affecting interstate or foreign

13   commerce by any means including by computer?

14   A    Yes.

15   Q    Do you understand the government would have to prove

16   this occurred on June 21st of 2011 within the jurisdiction of

17   this court, the Western District of Missouri?

18   A    Yes.

19   Q    Mr. Sigsbury, did you, in fact, on or about June the

20   21st of 2011 knowingly publish and cause to be made, printed,

21   and published a notice and advertisement seeking to offer to

22   receive, exchange, display, and distribute a visual depiction,

23   the production of which involved the use of a minor engaging in

24   sexually explicit conduct and visual depiction was of such

25   conduct?

1   A       Yes.

2   Q       And at the time you published and caused the notice and

3   advertisement to be published did you know or have reason to

4   know that such notice and advertisement would be transported in

5   interstate or foreign commerce by means of a computer?

6   A       Yes.

7   Q       And was this notice and advertisement, in fact,

8   transported in interstate and foreign commerce by means of the

9   computer?

10  A       Yes.

11  Q       And did you do this in Jackson County, Missouri?

12  A       Yes.

13          THE COURT:  Any further record on Count 6, Ms.

14  Fincham?

15          MS. FINCHAM:  No, Your Honor.

16          THE COURT:  Mr. Kuchar?

17          MR. KUCHAR:  No, Your Honor.

18  Q       (By the Court)  Mr. Sigsbury, if there was a trial

19  under Count 7, the government would be required to prove that

20  on or about December the 8th of 2011 you knowingly published

21  and caused to be made, printed, and published a notice and

22  advertisement seeking and offering to receive, exchange,

23  display, and distribute a visual depiction, the production of

24  which involved the use of a minor engaging in sexually explicit

25  conduct and that such visual depiction was of such conduct, and

| | |
|---|---|
| 1 | at the time you published and caused the notice and |
| 2 | advertisement to be published you knew or had reason to know |
| 3 | that such notice and advertisement would be transported using |
| 4 | any means or facility of interstate or foreign commerce and in |
| 5 | or affecting interstate or foreign commerce by any means |
| 6 | including by computer, and that such notice and advertisement |
| 7 | was transported using any means or facility of interstate and |
| 8 | foreign commerce and in or affecting interstate or foreign |
| 9 | commerce by any means including by computer? |
| 10 | A     Yes. |
| 11 | Q     Do you understand the government would also have to |
| 12 | prove that you did this within the jurisdiction of this court, |
| 13 | the Western District of Missouri? |
| 14 | A     Yes. |
| 15 | Q     Mr. Sigsbury, did you on or about December the 8th of |
| 16 | 2011 in Jackson County knowingly publish and cause to be made, |
| 17 | printed, and published a notice and advertisement seeking and |
| 18 | offering to receive, exchange, display, and distribute a visual |
| 19 | depiction, the production of which involved the use of a minor |
| 20 | engaging in sexually explicit conduct and such visual depiction |
| 21 | was, in fact, of such conduct? |
| 22 | A     Yes. |
| 23 | Q     And at the time you published and caused the notice and |
| 24 | advertisement to be published, did you know or have reason to |
| 25 | know that such notice and advertisement would be transported |

1    using any means or facility of interstate or foreign commerce

2    affecting interstate or foreign commerce by means of computer?

3    A      Yes, I did.

4    Q      And did the notice -- was the notice and advertisement

5    transported in interstate and foreign commerce by means of a

6    computer?

7    A      Yes.

8           THE COURT:  Any further record on Count 7, Ms.

9    Fincham?  I think I covered the date and Jackson County.

10          MS. FINCHAM:  Nothing further.  Thank you.

11          MR. KUCHAR:  No, Your Honor.

12          THE COURT:  I did cover the date in Jackson County.

13          MR. KUCHAR:  I don't have anything further.  I

14   thought you did.

15          THE COURT:  I'm confident that I did but just to

16   make certain.

17   Q      (By the Court)  Do you understand, because it was out

18   of the otherwise routine, did you do this, Mr. Sigsbury, on or

19   about December the 8th of 2011 in Jackson County?

20   A      Yes.

21   Q      And under Count 8 do you understand that if there was a

22   trial, the government would be required to prove that on or

23   about December the 13th of 2011 in Jackson County you, using

24   any means or facility of interstate or foreign commerce,

25   knowingly distributed a visual depiction that had been shipped

1  and transported in or affecting interstate and foreign commerce

2  by any means including by computer, and which contained

3  material which had been shipped and transported in interstate

4  and foreign commerce by any means including by computer?

5  A     Yes, I did.

6  Q     Do you understand the government would have to prove

7  the production of the visual depiction involved the use of a

8  minor engaging in sexually explicit conduct and such visual

9  depiction was of such conduct?

10  A     Yes.

11  Q     And, Mr. Sigsbury, did you on or about December the

12  13th of 2011 in Jackson County, Missouri, use a means or

13  facility of interstate or foreign commerce to knowingly

14  distribute a visual depiction that had been shipped and

15  transported in or affecting interstate commerce by means of

16  computer?

17  A     Yes, I did.

18  Q     And did the material which had been shipped and

19  transported in interstate and foreign commerce by means of

20  computer involve the production of a visual depiction involving

21  the use of a minor engaging in sexually explicit conduct and

22  did the visual -- and was the visual depiction of such conduct?

23  A     Yes, I did.

24        THE COURT:  Any further record on Count 8, Ms.

25  Fincham?

```
 1            MS. FINCHAM:  No, Your Honor.

 2            THE COURT:  Mr. Kuchar?

 3            MR. KUCHAR:  No, Your Honor.

 4   Q      (By the Court)  And, Mr. Sigsbury, do you understand

 5   that if there was a trial under Count 9, the government would

 6   be required to prove that on or about April the 23rd of 2012

 7   within the jurisdiction of this court, the Western District of

 8   Missouri, you knowingly possessed one or more films,

 9   videotapes, and other matters, which contained visual

10   depictions, other than and in addition to the visual depictions

11   supporting Counts 1 through 8 of the indictment?

12   A      Yes.

13   Q      And do you understand the government would also be

14   required to prove that these items had been shipped and

15   transported using any means or facility of interstate or

16   foreign commerce and in or affecting interstate or foreign

17   commerce by any means including by computer?

18   A      Yes.

19   Q      And the government would be required to prove that the

20   visual depictions were produced using materials which had been

21   shipped and transported in interstate and foreign commerce by

22   any means including by computer, and that the production of the

23   visual depictions involved the use of minors engaging in

24   sexually explicit conduct, and were visual depictions of such

25   conduct?
```

```
 1   A      Yes.

 2   Q      I think I've said it, but you understand the government

 3   would have to prove this occurred on or about April 23rd of

 4   2012 within the Western District of Missouri?

 5   A      Yes.

 6   Q      And, Mr. Sigsbury, did you on or about April 23rd of

 7   2012 in Jackson County knowingly possess one or more films and

 8   other matter which contained visual depictions other than and

 9   in addition to the visual depictions supporting Counts 1

10   through 8 of the indictment, which had been shipped and

11   transported in interstate and foreign commerce by means of

12   computer?

13   A      Yes.

14   Q      And did the visual depiction -- and were the visual

15   depictions produced using materials which had been shipped and

16   transported in interstate and foreign commerce by means of

17   computer?

18   A      Yes.

19   Q      And was the production of the visual depictions

20   involving the use of minors engaging in sexually explicit

21   conduct and were these visual depictions of such conduct?

22   A      Yes.

23              THE COURT:  Any further record on Count 9, Ms.

24   Fincham?

25              MS. FINCHAM:  No, Your Honor.
```

1    THE COURT:  Mr. Kuchar?

2    MR. KUCHAR:  No, sir.

3    Q    (By the Court)  And, Mr. Sigsbury, do you understand

4    that if there was a trial under Count 10, the government would

5    be required to prove that on or about April 23rd of 2012 within

6    the Western District of Missouri, you knowingly possessed a

7    visual depiction other than and in addition to the visual

8    depictions supporting Counts 1 through 9 the indictment,

9    which depicted a minor engaging in sexually explicit conduct

10   and which was obscene, and that the visual depiction had been

11   transported in interstate or foreign commerce by any means,

12   including by computer and was produced by materials that had

13   been transported and shipped -- had been transported in

14   interstate or foreign commerce by any means, including by

15   computer, and a means and instrumentality of foreign or

16   interstate commerce was used in committing the offense?

17   A    Yes.

18   Q    And, Mr. Sigsbury, did you, in fact, on April the 23rd

19   of 2012 in Jackson County, Missouri, knowingly possess a visual

20   depiction other than and in addition to the visual depictions

21   referenced and supporting Counts 1 through 9 of the indictment

22   which depicted a minor engaging in sexually explicit conduct

23   and which was obscene?

24   A    Yes.

25   Q    And were the visual depictions -- had the visual

```
 1    depictions been transported in interstate and foreign commerce
 2    by any means including by computer?
 3    A      Yes.
 4    Q      And was the visual depiction produced using materials
 5    that had been transported in interstate or foreign commerce,
 6    including by computer, and a means and instrumentality of
 7    foreign commerce being used in committing the offense?
 8    A      Yes.
 9    Q      Again, did this occur on or about April 23rd of 2012 in
10    Jackson County?
11    A      Yes.
12            THE COURT:  Any further record on Count 10, Ms.
13    Fincham?
14            MS. FINCHAM:  No, Your Honor.
15            THE COURT:  Mr. Kuchar?
16            MR. KUCHAR:  No, Your Honor.
17    Q      (By the Court)  And, Mr. Sigsbury, you advised me
18    earlier you wish to consent to the forfeiture allegation of the
19    indictment; is that correct, sir?
20    A      I'm sorry?
21    Q      You wish to consent to the forfeiture allegation?
22    A      Yes.
23    Q      And you've read and reviewed the forfeiture allegation
24    and you're familiar with the matters that are referenced, set
25    forth, and delineated under the forfeiture allegation; is that
```

1    correct?

2    A       Yes.

3    Q       Mr. Sigsbury, to the charge of distribution of child

4    pornography over the Internet as set forth in Counts 1, 2, 3,

5    and 8 of the indictment, as those charges are more fully and

6    specifically set out under those counts, how do you wish to

7    plead?

8    A       Guilty.

9    Q       And to the charges under Counts 4, 5, 6, and 7 of the

10   indictment charging you with advertising of child pornography

11   over the Internet, as those charges are more fully and

12   specifically set out in those counts, how do you wish to plead?

13   A       Guilty.

14   Q       And to the charges under Counts 9 and 10 of the

15   indictment charging you with possession -- under Count 9

16   charging you with possession of child pornography, as that

17   charge is more fully and specifically set out under Count 9,

18   how do you wish to plead?

19   A       Guilty.

20   Q       And to the charge under Count 10 of possession of child

21   obscenity, as that charge is more fully and specifically set

22   out under Count 10, how do you wish to plead?

23   A       Guilty.

24           THE COURT:  Mr. Sigsbury, I find that you're fully

25   competent and capable of entering informed pleas.

1           I find that you are aware of the nature of the

2   charges against you and that you are also aware of the

3   consequences of your plea.

4           I find that your pleas are made knowingly and

5   voluntarily; further, that your pleas are supported by an

6   independent basis in fact which contains all of the essential

7   elements of the offenses charged against you.

8           I, therefore, accept your pleas and adjudge you

9   guilty as charged under Counts 1 through 10 of the indictment.

10          I also enter a preliminary order of forfeiture

11  pursuant to the forfeiture allegation of the indictment.

12          Mr. Sigsbury, the probation office will now prepare

13  its presentence report in your case.  When the report's

14  completed, we'll set a date for sentencing in your case, and

15  you will appear in court again at that time.

16          I'm going to order that you be retained in custody

17  pending sentencing and final disposition in your case.

18          Mr. Kuchar, do you have anything further that needs

19  to be taken up this morning?

20          MR. KUCHAR:  No, Your Honor.

21          THE COURT:  Ms. Fincham, do you?

22          MS. FINCHAM:  No, Your Honor.  Thank you.

23          THE COURT:  Thank you all.

24          (Adjournment)

25

CERTIFICATE OF OFFICIAL REPORTER

I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD A. SIGSBURY, Defendant, No. 13-00357-01-CR-W-GAF.

Dated this 1st day of July, 2015.

_____
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER